**Opinion filed May 6, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00248-CV

_____

## IN THE INTEREST OF E.R.G. AND J.R.J., CHILDREN

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 9720-CX**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the unknown father(s) of E.R.G. and J.R.J. The mother filed this appeal. On appeal, she presents four issues: one in which she challenges the denial of her motion for continuance and three in which she challenges the sufficiency of the evidence to support the trial court's findings. We affirm the trial court's order of termination.

## I. *Motion for Continuance*

In her first issue, Appellant asserts that the trial court abused its discretion when it denied Appellant's motion for continuance and proceeded to trial even though Appellant had been found to be incompetent to stand trial in a criminal case pending in another court. Within this issue, Appellant asserts, for the first time on appeal, that the failure to grant a continuance violated her right to due process. To the extent that Appellant's issue relates to due process, we hold that it was not preserved for review. *See In re L.M.I.*, 119 S.W.3d 707, 708–11 (Tex. 2003); *see also* TEX. R. APP. P. 33.1.

At a pretrial hearing, Appellant's trial counsel orally requested a motion for continuance based upon Appellant's incompetence. Counsel informed the trial court that Appellant refused to communicate with him and that Appellant had made threats against CPS, the trial court, trial counsel, trial counsel's family, and others involved in the case. According to counsel, Appellant had been "declared incompetent in her criminal proceeding." The record shows that the trial court was already well aware of Appellant's mental health issues. The children's attorney and guardian ad litem did not oppose a continuance, but the intervenors did. The trial court denied Appellant's motion and proceeded to trial.

A trial court's decision to grant or deny a motion for continuance is a matter within the trial court's sound discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). The trial court's ruling on a motion for continuance will not be disturbed unless the record discloses a clear abuse of discretion. *Id.* We note that Appellant's motion for continuance did not comply with the Texas Rules of Civil Procedure. Rule 251 provides that a continuance shall not be granted "except for sufficient cause supported by affidavit" or by consent of the parties or operation of law. TEX. R. CIV. P. 251. Appellant orally moved for a continuance at the pretrial hearing and did not support the motion with an affidavit. In such circumstances, we

2

*presume* that the trial court did not abuse its discretion. *Villegas*, 711 S.W.2d at 626. This presumption, however, does not equate to a foregone conclusion that the trial court did not abuse its discretion by denying a motion for continuance when the movant fails to comply with Rule 251. *In re L.N.C.*, 573 S.W.3d 309, 321 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (citing *Villegas*, 711 S.W.2d at 626).

On the record before us, we cannot hold that the trial court abused its discretion when it denied Appellant's motion for continuance. On June 1, 2020, Appellant was declared to be incompetent to stand trial in a criminal matter. August 31, 2020, was the original one-year deadline for commencing trial, i.e., the automatic dismissal date, in the suit affecting the parent–child relationship that is at issue in this appeal. *See* TEX. FAM. CODE ANN. § 263.401 (West Supp. 2020). The trial court issued an order extending the dismissal date to February 2, 2021. On October 6, 2020, the trial court conducted both a pretrial hearing and the final hearing on termination. Nothing in the record from those hearings indicated that Appellant was expected to become competent by the dismissal date. Nor did anything in the record indicate that Appellant was in fact expected to regain competency, that a continuance would be beneficial to Appellant, or that a continuance would not be detrimental to the children. A parent's incompetency does not impose any requirement upon the trial court to delay parental termination proceedings until the parent is competent. *In re R.M.T.*, 352 S.W.3d 12, 23 (Tex. App.—Texarkana 2011, no pet.). Here, Appellant was represented at the termination hearing by her court-appointed attorney ad litem, and Appellant had had opportunities to consult with that attorney prior to Appellant being declared incompetent. At the time of the final hearing, the children had been in the care of the Department for over a year. Under these circumstances, we hold that the trial court did not abuse its discretion when it denied Appellant's motion for continuance. *See id.* at 23–24; *see also* TEX. R. CIV. P. 251. We overrule Appellant's first issue.

## II. *Sufficiency of the Evidence*

In her second and third issues, Appellant asserts that the evidence is legally and factually insufficient to support the trial court's finding that Appellant had engaged in conduct or knowingly placed the children with persons who had engaged in conduct that endangered the children's physical or emotional well-being. We disagree.

### A. Termination Findings and Standards

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2020). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (E) and (O). Specifically, the trial court found that Appellant had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being and that Appellant had failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parents for abuse or neglect. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of each child.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the

evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

### B. Evidence Presented at Trial

The record in this case shows that, in July 2019, the Department received an intake alleging domestic violence in the home in which Appellant, her mother, and E.R.G. lived. The incident of domestic violence occurred between Appellant and her mother in E.R.G.'s presence. During the altercation, Appellant had choked her mother. Appellant was arrested for assault family violence, and her mother was arrested based upon an outstanding warrant. Appellant was pregnant with J.R.J. at the time, and J.R.J. was born thereafter while Appellant was incarcerated. When the Department's investigator attempted to speak to Appellant in jail, Appellant claimed that she was "the La Llorona" and that "her birthday was actually the day she died." The Department's investigator testified that Appellant "was not making a whole lot of sense" during their conversation.

E.R.G. subsequently tested positive for marihuana and was removed from the home. After E.R.G. was removed, the Department created a family service plan for Appellant, which was later made an order of the court. Appellant initially participated in her services, but she stopped participating well before she had completed the required services and informed the Department that she would no longer cooperate with the Department. Of import, Appellant completed a psychological evaluation but refused to complete a psychiatric evaluation as required. Based upon the psychological evaluation, which was the only service that Appellant completed, it was determined that Appellant would need ongoing

psychiatric care, psychotropic medication, and individual counseling to monitor her mood behaviors and thoughts. Appellant was deemed to be unable to care for herself without adult oversight.

During the two visits with the children that the Department's caseworker observed, the caseworker discerned that Appellant appeared to be mentally unstable: she talked in an irrational manner and made outlandish statements. During the final hearing in this cause, Appellant interrupted the proceedings and was warned that she would be removed from the courtroom if she continued to do so. Appellant was removed from the courtroom and the videoconference hearing after making the following statement to the trial court:

> Well, I am just going to tell you, sir, you are not -- I am going to talk to my family and y'all are going to get all y'all's asses up and killed if you're involved with having -- you better believe that. So y'all -- like I said, that's the truth. Y'all can still lie and y'all don't like when I say that truth. And y'all can't take my kids from me like that. I swear to God y'all are going to --

At the time of trial, Appellant was incarcerated. She had been arrested based upon a motion to revoke her community supervision for the assault charge, and as discussed above, she had been declared to be incompetent to stand trial in the revocation proceeding. The children had been placed with a maternal aunt and uncle who wished to adopt both children. The children were thriving in that placement, with the exception of E.R.G.'s "night terrors" associated with the July 2019 incident of domestic violence. The testimony at trial indicated that termination of the parents' parental rights would be in the best interest of the children.

*C. Analysis*

Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 34 (Tex.

App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct does not need to be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009).

A parent's mental instability may contribute to a finding that the parent engaged in a course of conduct that endangered a child's physical or emotional well-being. *In re T.G.R.-M.*, 404 S.W.3d 7, 14 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Jordan v. Dossey*, 325 S.W.3d 700, 723 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *In re R.W.*, 129 S.W.3d 732, 739 (Tex. App.—Fort Worth 2004, pet. denied). A parent's failure to appreciate the need for mental health treatment allows a factfinder to infer that her mental health issues would likely recur and further jeopardize a child's well-being in the future. *In re M.A.A.*, No. 01-20-00709-CV, 2021 WL 1134308, at *32 (Tex. App.—Houston [1st Dist.] Mar. 25, 2021, no pet. h.) (mem. op.). Furthermore, a parent's failure to seek treatment or properly take medication for her mental health issues may also endanger a child's physical or emotional well-being. *In re P.H.*, 544 S.W.3d 850, 858 (Tex. App.—El Paso 2017, no pet.).

Based upon evidence of Appellant's violent behavior toward her mother while one child was present and while Appellant was pregnant with another child, Appellant's mental instability and her refusal to obtain and abide by the terms of treatment for her mental issues, Appellant's inability to keep from being reincarcerated after she was placed on community supervision, and Appellant's violent threats toward all of those involved in the case below, the trial court could have found by clear and convincing evidence that Appellant had engaged in a course

of conduct that endangered her children.  We hold that the evidence is legally and factually sufficient to uphold the trial court's finding as to Appellant under subsection (E).  Accordingly, we overrule Appellant's second and third issues.  Because only one statutory ground is necessary to support termination and because we have upheld the trial court's finding as to subsection (E), we need not reach Appellant's fourth issue, in which she challenges the legal sufficiency of the evidence to support the trial court's finding under subsection (O).  *See* FAM. § 161.001(b)(1); *In re N.G.*, 577 S.W.3d 230, 234–35 (Tex. 2019) (addressing due process and due course of law with respect to appellate review of grounds (D) and (E) and holding that an appellate court must provide a detailed analysis if affirming the termination on either of these grounds); *see also* TEX. R. APP. P. 47.1.

III. *This Court's Ruling*

We affirm the order of the trial court.


W. BRUCE WILLIAMS

JUSTICE

May 6, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.